### JOHN CLARK, Trustee of Land Office, v. BRIAN SUNEY, Terre-tenant, etc.

Court of Common Pleas.    Kent.    May, 1803.

*Rodney's Notes.*

*Vandyke* [for plaintiff].    *Bayard, Fisher* [for defendant].

*Bayard.*    Land has changed owners, until now it has come into the hands of Brian Suney.    Last payment became due in February 28, 1753.    Defendant pleads that the money had been paid. February 12, 1754, land sold to William Manlove, who sold to Thomas Kean 98 acres in Murderkill Hundred May 29, 1760, who sold August 14, 1771, to Brian Suney, [the land] called Sycamore Plains.    October 11, 1760, mortgage deed Thomas Kean to Loan Office, consideration £24.    February 14, 1774, received of Brian Suney in full.    Bond with receipt also produced by defendant.

Deposition of John Suney.

George Seward.    Thomas Kean lived on the lands 24 or 25 years ago.    Has been dead two or three years.

*Vandyke.*    The question for the jury is whether the first mortgage has been paid.    Mr. Bayard contends that a court and jury have presumed mortgages under such circumstances, from length of time [to] have been paid.    Also that circumstances in this case amount to presumption that [it] has been paid.    I contend this debt is not barred by any Act of Limitation; nor by any rule of law can a mortgage be presumed to be paid.    Second mortgage of itself no evidence in law that first has been paid.

*Rodney.*    First, it appears from length of time to have been paid.    Second, from a mortgage given for the same land.    Third, payment proved by the deposition.    By the decision of the courts, twenty years sufficient to presume payment; and the courts have frequently denied mortgages under plea of payment.    In this state twenty years sufficient.

*Bayard* in conclusion.    This mortgage not being demanded or sued for twenty years is sufficient evidence that the money has been paid, and decisions on this point have been made in this court where no interest has been paid.    More necessary that the

doctrine should be applied to mortgages than bonds. In this case 34 years have elapsed. Twenty is sufficient.

CHIEF JUSTICE BOOTH. The last payment in this case in 1754. First, you may presume after twenty years, and no payment or other evidence of its being due, [that] the mortgage is paid, or that the action is barred from length of time.

The jury without going out of the box found for defendant.